ELEVATOR APPLIANCE CO., Inc., et al.
v. ATLANTIC METAL PRODUCTS,
Inc.

No. 8199.

District Court, E. D. New York.

May 14, 1937.

Thomas A. Hill, of New York City, for plaintiffs.

H. C. Bierman, of New York City, for defendant.

BYERS, District Judge.

This is the usual action in equity in which the plaintiffs seek an injunction for the alleged infringement of Letters Patent No. 2,060,283.

As the complaint was drawn, an earlier patent was also pleaded but on the trial that was withdrawn on consent.

The alleged invention covers the combination of a door, frame, and a lock containing electrical control elements, for use in elevators to which direct access is had by the passenger.

The invention is said to have responded to the recognized necessity for an association of such elements as would promote the construction of automatic elevators in such a way that the car would be almost flush with the door giving entrance to it, thus closing a space which existed in earlier times and which proved to be a source of danger to children and other passengers.

The association of these elements requires the cutting away of the door or the frame, or both, and the boring of one or more apertures through the frame to admit of placement of the lock mechanism; the locks must be in precise position in order that electric circuits, which are opened and closed as required, may function.

The only patent now in suit was granted on November 10, 1936, to the individual plaintiff, and the corporate plaintiff is said to be an exclusive licensee.

The defendant is, and has been for thirty years, engaged in the manufacture of metal elevator doors and door frames, and is sought to be held as a contributory infringer of the patent.

The testimony is undisputed that it is the defendant's business to build such doors and door frames in accordance with specifications provided by elevator contractors, and that during all of these years it has been the practice of this defendant, in fabricating the doors and door frames, to cut out portions thereof to accommodate various pieces of hardware, namely, butts (i. e. door frames), locks, concealed overhead checks, concealed transom adjusters, and concealed electric buttons.

The nature and extent of the cutting is specified by the elevator contractor and it is customary for plans or blue-prints to be furnished to the defendant by the contractor.

That was the practice followed in connection with the installation, at an undisclosed date, of elevators in an apartment at 240 Audubon Avenue, Borough of the Bronx, New York City.

It appears that Grober Elevators, Inc., installed those elevators, having doors, frames and locks said to infringe the plaintiffs' patent; a witness who examined the structures, when in place, said that the Grober concern had installed doors and frames made by this defendant and had equipped them with a lock made by one Harold Leon doing business as Cal Company.

This bill was filed December 18, 1936, thirty-eight days after the patent was issued.

A stipulation received in evidence reads in part: "Defendant concedes notice of alleged infringement of the patents in suit herein by registered letter dated November 19, 1936, duly received in the regular course of mail."

The receipt of the foregoing notice is not related by the testimony to the date of the installation of the elevator equipment in 240 Audubon Avenue. It is consequently impossible to conclude from the evidence that the defendant had been notified, at the time that he made these doors and frames for the Grober Company, that his doing so might involve a possible contributory infringement of the plaintiffs' patent.

The testimony for the defendant is uncontradicted, that the furnishing of doors and frames to elevator contractors in accordance with their specifications is an established industry and has been for the past twenty-five or thirty years. In other words, such doors and door frames are recognized articles of commerce, and the mere fact that this particular contractor ordered certain portions to be cut away and recessed, did not put this defendant upon notice that the contractor intended to assemble these doors and frames with a locking device so as to give rise to a possible claim of patent infringement.

The burden was on the plaintiffs to submit facts in support of a conclusion that the defendant intended to participate in contributory infringement of the plaintiffs' patent.

That there must be present in the record evidence of conduct which "consists in intentionally giving aid to, or intentionally co-operating in, an infringement" is the law of this circuit. Harvey Hubbell, Inc., v. General Electric Company (C.C.A.) 267 F. 564, at page 571. See, also, Westinghouse Electric & Mfg. Co. v. Precise Mfg. Corp. (C.C.A.) 11 F.(2d) 209, at page 212, where it appeared that the defendants manufactured with knowledge of the contemplated infringement and hence contributory infringement was established. The required showing and helpful citations will be found in Ruth v. Stearns-Roger Mfg. Co. (D.C.) 13 F.Supp. 697, at page 713.

There is no evidence here to sustain a finding that this defendant knew or had notice that the doors and frames, fashioned by him as stated, were intended to be used by his customer in an assembly which might infringe the plaintiffs' patent.

For these reasons, it is thought that the plaintiffs have failed to sustain their burden of proof and would be well advised to seek adjudication of validity in a cause in which direct infringement is presented.

Decree dismissing the complaint with costs, to be settled on notice.